**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SAVADUS ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR LANDS, ALL COUNTY PAVING, LLC, BID-RITE PAVING, LLC, JOHN DOE(S)(1-5), JANE DOE(S)(1-5), AND XYZ CORPORATION(S)(1-5),<br><br>Defendants. | Civil Action File No.:<br><br>1:26-cv-02095-SDG |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Come now all parties to the above-styled action and present this preliminary report and discovery plan to the court as follows:

**1. Description of Case:**

(a) Describe briefly the nature of this action.

**This is a tort action in which Plaintiff alleges Defendants are liable to him for damages sustained following a motor vehicle collision.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence:

**Plaintiff contends that he was injured when a vehicle being operated by Defendant Lands made contact with the vehicle being operated by Plaintiff on November 30, 2023.**

(c) The legal issues to be tried are as follows:

**Duty, breach, causation, and damages.**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

**None.**

(2) Previously Adjudicated Related Cases:

**None.**

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

| | | |
|---|---|---|
| X | (1) | Unusually large number of parties |
| __ | (2) | Unusually large number of claims or defenses |
| __ | (3) | Factual issues are exceptionally complex |
| __ | (4) | Greater than normal volume of evidence |
| X | (5) | Extended discovery period is needed |
| __ | (6) | Problems locating or preserving evidence |
| __ | (7) | Pending parallel investigations or actions by government |
| __ | (8) | Multiple use of experts |
| __ | (9) | Need for discovery outside United States boundaries |
| __ | (10) | Existence of highly technical issues and proof |
| X | (11) | Unusually complex discovery of electronically stored information |

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**For Plaintiff:**

Mahdi Abdur-Rahman
Georgia Bar No. 728252
The Law Office of Mahdi Abdur-Rahman, LLC
1513 E. Cleveland Avenue Suite 106-B
East Point, Georgia 30344
Main (470) 225-8642
Fax (404) 393-1849
mahdi@abdurrahmanlaw.com
*Attorneys for Plaintiff*

**For Defendant:**

Jeffrey M. Wasick
Georgia Bar No. 778423
Robert A Dinkins, Jr.
Georgia Bar No. 380364
McAngus, Goudelock & Courie, LLC
270 Peachtree St NW
Ste 1800
Atlanta, Georgia 30303
PO Box 57365
Atlanta, Georgia 30343
Main (678) 500-7300
Fax (678) 669-3546
Jeff.Wasick@mgclaw.com
Robert.Dinkins@mgclaw.com
*Attorneys for Defendants*

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?

___ Yes _X_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. Where there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

**None known at this time**

(b) The following persons are improperly joined as parties:

**None known at this time.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary: **None anticipated at this time.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* Within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Not at this time. The Parties may request a scheduling conference following the close of discovery.**

10. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**This case was assigned to the four (4) month discovery track, beginning on May 16, 2026 and ending September 14, 2026.**

Please state below the subjects on which discovery may be needed:

**Duty, breach, causation, and damages.**

If the parties anticipate that additional time beyond that allowed by the assigned track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties request a six-month discovery period, to end on November 14, 2026, to allow sufficient time for the ongoing non-party discovery to medical providers and to allow for depositions of multiple out-of-state witnesses and potential use of multiple experts. Under this proposal, the deadline for dispositive motions or, if no dispositive motions are filed, for submission of the proposed pre-trial order, would be December 29, 2026 (forty-five days after the close of discovery).**

**11. Discovery Limitation and Discovery of Electronically Stored Information**:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

**The parties jointly request that the Court set a six-month discovery period. If this request is granted, the end of discovery would be November 14, 2026.**

(b) Is any party seeking discovery of electronically stored information?

____________Yes                    ______X_________No

**The parties do not anticipate substantial e-discovery and most if not all documents to be exchanged will be in PDF format. The parties have agreed that should discoverable materials be revealed during the course of discovery they will meet and discuss the sources and scope of the production of such items and the format for the production of such items for the purposes of agreements relative to the production of such items. The parties do not waive any potential objections to discovery requests by making this statement.**

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper of disk), and the inclusion or exclusion and use of meta data, and have agreed as follows:

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

**13. Settlement Potential.**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **May 15, 2026** and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff: Mahdi Abdur-Rahman, Esq.**

**For Defendants: Jeffrey M. Wasick, Esq. and Robert A. Dinkins, Jr., Esq.**

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.

(_X_) A possibility of settlement after discovery.

(__) A possibility of settlement, but a conference with the judge is needed.

(__) No possibility of settlement.

(c) Counsel (_X_) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

**None currently known.**

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____________) do consent to having this case tried before a

magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this __________ day of _______________, of 2026.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted, this the 18th day of May, 2026,

THE LAW OFFICE OF
MAHDI ABDUR-RAHMAN, LLC

*/s/ Mahdi Abdur-Rahman*
Mahdi Abdur-Rahman, Esq.
Georgia Bar No. 728252
(*Signed with express permission by JMW)*
1513 E. Cleveland Ave., Suite 106-B
East Point, Georgia 30344
Main (470) 225-8642
Fax (404) 393-1849
mahdi@abdurrahmanlaw.com
*Attorneys for Plaintiff*

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ Jeffrey M. Wasick*
Jeffrey M. Wasick, Esq.
Georgia Bar No. 778423
Robert A. Dinkins, Jr., Esq.
Georgia Bar No. 380364

270 Peachtree St NW
Ste 1800
Atlanta, Georgia 30303
PO Box 57365
Atlanta, Georgia 30343
Main (678) 500-7300
Fax (678) 669-3546
Jeff.Wasick@mgclaw.com
Robert.Dinkins@mgclaw.com
*Attorneys for Defendants*

CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH L.R. 5.1

This is to certify that on this date, the undersigned filed a true and correct copy of the foregoing pleading with the Clerk of Court using the CM/ECF system and served all parties of record via electronic service through the CM/ECF system to:

Mahdi Abdur-Rahman
The Law Office of Mahdi Abdur-Rahman, LLC
1513 E. Cleveland Avenue Suite 106-B
East Point, Georgia 30344
mahdi@abdurrahmanlaw.com

Further, this is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

This the 18th day of May, 2026.

/s/ Jeffrey M. Wasick
Jeffrey M. Wasick, Esq.
Georgia Bar No. 778423
Robert A. Dinkins, Jr., Esq.

Georgia Bar No. 380364
*Attorneys for Defendants*

**MCANGUS GOUDELOCK & COURIE, LLC**
270 Peachtree St NW, Ste 1800
Atlanta, Georgia 30303
Telephone: (678) 510-1439
Email: jeff.wasick@mgclaw.com
robert.dinkins@mgclaw.com

# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amended the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

- **Discovery will run through November 14, 2026.**
- The **deadline for filing dispositive motions or, if no dispositive motions are filed, for submission of the proposed pre-trial order, will be December 29, 2026.**

IT IS SO ORDERED, this ___________day of _______________, 2026.

_________________________________

The Honorable Judge Steven D. Grimberg
UNITED STATES DISTRICT JUDGE